1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FREDERIC MILLER,

11              Plaintiff,

12      vs.                              CIV S-10-834 LKK KJM PS

13   DENNIS JONES,

14              Defendant.               ORDER

15   _____/

16          Plaintiff is proceeding pro se.  Plaintiff's application to proceed in forma pauperis

17   was denied.  Plaintiff seeks reconsideration of the denial and has submitted further information

18   establishing his inability to pay the filing fee without recourse to borrowing the sum.  Plaintiff's

19   request to proceed in forma pauperis will therefore be granted.

20          The federal in forma pauperis statute authorizes federal courts to dismiss a case if

21   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

22   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23   § 1915(e)(2).

24          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

25   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

26   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

                                            1

1    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2    490 U.S. at 327.

3            In order to avoid dismissal for failure to state a claim a complaint must contain

4    more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

5    of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other

6    words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

7    statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

8    claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.

9    "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

10   draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129

11   S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be

12   granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

13   (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.

14   Rhodes, 416 U.S. 232, 236 (1974).

15           The court finds the allegations in plaintiff's complaint so vague and conclusory

16   that it is unable to determine whether the current action is frivolous or fails to state a claim for

17   relief.  The court has determined that the complaint does not contain a short and plain statement

18   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

19   policy, a complaint must give fair notice and state the elements of the claim plainly and

20   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

21   must allege with at least some degree of particularity overt acts which defendants engaged in that

22   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

23   R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

24   an amended complaint.

25           If plaintiff chooses to amend the complaint, plaintiff must set forth the

26   jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

2

1    Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted

2    in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

3                  It appears plaintiff may be trying to state a claim under 42 U.S.C. § 1983.  The

4    Civil Rights Act provides as follows:

5                  Every person who, under color of [state law] . . . subjects, or causes
                   to be subjected, any citizen of the United States . . . to the
6                  deprivation of any rights, privileges, or immunities secured by the
                   Constitution . . . shall be liable to the party injured in an action at
7                  law, suit in equity, or other proper proceeding for redress.

8    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

9    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

10   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

11   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

12   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

13   omits to perform an act which he is legally required to do that causes the deprivation of which

14   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15                 Moreover, supervisory personnel are generally not liable under § 1983 for the

16   actions of their employees under a theory of respondeat superior and, therefore, when a named

17   defendant holds a supervisorial position, the causal link between him and the claimed

18   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

19   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

20   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

21   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

22   Cir. 1982).

23                 In addition, plaintiff is informed that the court cannot refer to a prior pleading in

24   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

25   amended complaint be complete in itself without reference to any prior pleading.  This is

26   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

1    <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

2    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

3    original complaint, each claim and the involvement of each defendant must be sufficiently

4    alleged.

5        As a model for drafting an amended complaint, plaintiff is directed to <u>McHenry v.</u>

6    <u>Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996).  There, the Ninth Circuit Court of Appeal upheld the

7    dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and

8    largely irrelevant.  It consists largely of immaterial background information."  It observed that the

9    Federal Rules require that a complaint consist of "simple, concise, and direct" averments.  <u>Id</u>.  As

10    a model of concise pleading, the court quoted the standard form negligence complaint from the

11    Appendix to the Federal Rules of Civil Procedure:

12        1.  Allegation of jurisdiction.

13        2.  On June 1, 1936, in a public highway, called Boylston Street, in

14    Boston Massachusetts, defendant negligently drove a motor vehicle against

15    plaintiff, who was then crossing said highway.

16        3.  As a result plaintiff was thrown down and had his leg broken,

17    and was otherwise injured, was prevented from transacting his business, suffered

18    great pain of body and mind, and incurred expenses for medical attention and

19    hospitalization in the sum of one thousand dollars.

20        Wherefore plaintiff demands judgment against defendant in the

21    sum of one thousand dollars.

22    <u>Id</u>.

23        Additionally, any amended complaint should **not exceed twenty pages**.

24    /////

25    /////

26    /////

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to reconsider (docket no. 9) is granted.

2.  Plaintiff's request to proceed in forma pauperis is granted.

3.  Plaintiff's motion for return of payment (docket no. 10) is granted.  The Clerk of Court is directed to refund the filing fee paid by plaintiff (receipt #CAE200028119, docketed July 20, 2010).

4.  Plaintiff's complaint is dismissed; and

5.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice and which does not exceed twenty pages; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  October 1, 2010.

U.S. MAGISTRATE JUDGE

006
miller.ifp-lta