1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FREDERIC MILLER,

11              Plaintiff,                  No. CIV S-10-0834 LKK DAD (TEMP) PS

12        vs.

13   DENNIS B. JONES,                       ORDER AND

14              Defendant.                  FINDINGS AND RECOMMENDATIONS

15   _____/

16         Defendant's motion to dismiss came on regularly for hearing April 22, 2011.

17   Plaintiff Frederick Miller, who is proceeding pro se, appeared on his own behalf.  Attorney

18   Franklin Gumpert appeared for defendant.  Upon review of the documents filed in support of and

19   in opposition to the motion and upon hearing the arguments of plaintiff and counsel for

20   defendant, for the reasons set forth below the court concludes that defendant's motion is well

21   taken.

22         In this action brought under 42 U.S.C. § 1983, plaintiff alleges his civil rights

23   were violated by defendant, who is the Clerk of the Superior Court of California in Sacramento

24   County.  The gravamen of the complaint, as confirmed by plaintiff at the hearing in this matter, is

25   that defendant allegedly violated plaintiff's civil rights by refusing to file documents submitted

26   /////

1   by plaintiff in a state court action.  Defendant moves to dismiss plaintiff's complaint under

2   Federal Rule of Civil Procedure 12(b)(6).[1]

3           In considering a motion to dismiss for failure to state a claim upon which relief

4   can be granted, such as this, the court must accept as true the allegations of the complaint in

5   question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most

6   favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

7           In order to avoid dismissal for failure to state a claim a complaint must contain

8   more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

9   of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

10  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

11  statements do not suffice."  Ashcroft v. Iqbal, ___U.S.___, ___,129 S. Ct. 1937, 1949 (2009).

12  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550

13  U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows

14  the court to draw the reasonable inference that the defendant is liable for the misconduct

15  alleged."  Iqbal, 129 S. Ct. at 1949.

16          Defendant has requested that the court take judicial notice of documents related to

17  the matters at issue.  (Doc. No. 23-1.)  Defendant's request for judicial notice will be granted

18  pursuant to Federal Rule of Evidence 201.  See Lee v. City of Los Angeles, 250 F.3d 668, 688-89

19  (9th Cir. 2001) (on a motion to dismiss, court may consider matters of public record); MGIC

20  Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986) (on a motion to dismiss, the court

21  may take judicial notice of matters of public record outside the pleadings).

22  /////

---

23          [1] By order filed April 4, 2011, plaintiff was advised that opposition to defendant's

24  motion to dismiss must be filed by April 8, 2011 for the hearing which was set for April 22, 2011.  Plaintiff did not file his opposition until April 11, 2011 and requested leave to file late

25  opposition.  In light of plaintiff's pro se status, the request to file late opposition will be granted. Plaintiff also moves to strike any reply filed by defendant.  A reply is allowed under Local Rule

26  230 and accordingly, plaintiff's motion to strike will be denied.

In his first amended complaint, plaintiff alleges his constitutional rights were violated when he was denied access to the courts.  The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To state a claim under section 1983, a plaintiff must allege that:  (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  A claim based on denial of access to courts must identify the underlying claim, the official acts frustrating the litigation, and a remedy that may be awarded as recompense that is not otherwise available in a future suit.  See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

In this case, plaintiff's denial of access to the courts claim is predicated on the alleged failure of the defendant Superior Court Clerk to file certain documents presented by plaintiff for filing in the Sacramento County Superior Court.  However, the exhibits attached to plaintiff's original complaint and the documents of which this court may take judicial notice establish that plaintiff cannot state a cognizable claim for denial of access to the courts.  Those exhibits and documents reflect that plaintiff presented documents to the Sacramento County Superior Court on December 30, 2009 and that on December 31, 2009, the Superior Court Clerk filed plaintiff's complaint, request for injunction and fee waiver application in Miller v. Wells Fargo Home Mortgage, et al., Sacramento County Superior Court Case No. 34-2009-00067589.  That action was thereafter removed to federal court on February 3, 2010 (Case No. 2:10-cv-0284 GEB DAD PS).  The defendant's refusal on behalf of the state court to thereafter file papers presented by plaintiff was therefore proper.  See 28 U.S.C. § 1446(d) (State court shall proceed no further after filing of notice of removal unless and until case is remanded).  The other basis for

1   plaintiff's claim of denial of access to the courts is similarly untenable in that plaintiff presented

2   a complaint, injunction and fee waiver application in a state court case against defendant Jones

3   on March 3, 2011 and those documents were filed in the state court on March 4, 2011 in the case

4   of <u>Miller v. Jones</u>, Case No. 34-2010-00072127.  Under these circumstances, plaintiff cannot

5   identify any official acts frustrating litigation of an underlying claim and thus cannot state a claim

6   for denial of access to the courts.

7           By order filed October 4, 2010, plaintiff was previously advised of the

8   deficiencies in his complaint and advised of the requirements for stating a claim under the Civil

9   Rights Act.  The first amended complaint does not cure the deficiencies evident in plaintiff's

10  pleadings and plaintiff proffers no argument or evidence in the opposition to the motion to

11  dismiss that would suggest plaintiff can cure the pleading deficiencies.  Because it appears

12  amendment would be futile, the motion to dismiss should be granted with prejudice.

13          Accordingly, IT IS HEREBY ORDERED that:

14          1.  Defendant's request for judicial notice (Doc. No. 23-1) is granted;

15          2.  Plaintiff's request for leave to file late opposition (Doc. No. 28) is granted;

16          3.  Plaintiffs' motions to strike (Doc. Nos. 29 and 31) are denied; and

17          IT IS HEREBY RECOMMENDED that:

18          1.  Defendant's motion to dismiss (Doc. No. 23) be granted with prejudice;

19          2.  This action be closed.

20          These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

22  fourteen days after being served with these findings and recommendations, any party may file

23  written objections with the court and serve a copy on all parties.  Such a document should be

24  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

25  objections shall be served and filed within seven days after service of the objections.  The parties

26  /////

1  are advised that failure to file objections within the specified time may waive the right to appeal

2  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: July 6, 2011.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7

8  JMM
   miller0834.mtd.dad

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26